UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS, AKA MAURICE DARONTE DAVIS-ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>MANJALA BOBBLA,<br><br>Defendant. | No. 2:22-cv-1658 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendant violated his Eighth Amendment right to adequate medical care.  Presently before the court is plaintiff's fifth amended[1] complaint (ECF No. 19) for screening.  For the reasons set forth below, the undersigned will dismiss the complaint with leave to amend.

////

////

////

---

[1] After the original complaint was screened and dismissed (ECF Nos. 1, 8), plaintiff subsequently filed several amended complaints (ECF Nos. 11, 12, 13, 14, 19) and two motions to amend (ECF Nos. 15, 17).  The undersigned granted plaintiff's motions to amend and directed plaintiff to submit an amended complaint within thirty days.  Thereafter, plaintiff filed the instant complaint.  (ECF No. 19.)  Because an amended complaint supersedes any prior complaint, the undersigned will screen the fifth amended complaint.

1

**SCREENING**

I.   **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**I.  Allegations in the Complaint**

Plaintiff indicates the events giving rise the claim occurred while he was incarcerated at the following California Department of Corrections and Rehabilitation ("CDCR") institutions: (1) Centinela State Prison ("CEN"), Salinas Valley State Prison ("SVSP"), and California State Prison, Sacramento ("SAC"). (ECF No. 19 at 1.) Plaintiff has named unidentified doctors, nurses, and medical staff on the Medical Authorization Review ("MAR") committees at CEN, SVSP, and SAC, along with California Correctional Health Care Services as defendants. (Id. at 1, 2.)

////

3

Plaintiff states that in early 2022, he was going through medical reports and discovered that he was "approved for surgery consultation by Dr. NP Ruddy[2] for neurosurgery." He claims that he had stage two CKD[3]. (Id. at 3.)

Plaintiff states he injured his back in 2009 or 2010 playing basketball. He was sent to an outside hospital in Imperial, California. There a doctor told plaintiff he may need to consult with prison facility doctors about surgery due to the severity of the injury. (Id.) When plaintiff returned to prison and inquired about surgery, he was told, "it's not that bad, Sometimes these things pop back in," by unnamed officials. He further states that he has always asked about surgery but was "given excuses and a dangerous amount of pain pills." (Id.)

Plaintiff states on December 30, 2010 and January 5, 2011, Dr. Ruddy noted on two documents: "Neurosurg Urgent." and on another " Neuro Surg Consult" and was denied due to "awaiting corroborating evidence via lab." Plaintiff states "lab results is mostly bloodwork. That is nothing to deny a consultation meeting for." (Id.)

Plaintiff alleges that the MAR committee "knew how serious the problem was when [it] reviewed [his] first MRI" on an unspecified date and saw "multiple bulging disc[s] that" have been documented. (Id. at 4.) Plaintiff alleges that the members of the MAR committee get the "medical records of each new inmate at every facility and the medical records get checked by the Members of the MAR Committee." (Id. at 5.) He states the MAR know the severity of his injury and would rather give him pain management than surgery.

Plaintiff claims that the MAR failed to respond to the situation by denying him a neurosurgery consultation. He states that rather than have surgery he has been given NSAIDS for his back pain. (Id. at 4.) He also states that the CEN MAR would not sign off on proper medical equipment. Additionally, plaintiff was approved for physical therapy, but was only seen twice in 90 days and was not given crutches or a wheelchair even though he was unable to walk. (Id.) He states that he has a bulging disc was and still is pinching the nerve making it difficult to walk. He

---

[2] Plaintiff has not identified Dr. Ruddy as a defendant in the instant complaint. (Id. at 1-2.)

[3] Plaintiff has not specified, but the court presumes, for purposes of screening the complaint, that his use of the acronym "CKD" refers to chronic kidney disease.

further alleges that he has documented dozens of medical requests but was denied help. Plaintiff alleges that as a result of the denial of surgical consultation and the amount of NSAIDS he has been given, he now has CKD which has caused renal failure. (Id.)

Plaintiff claims California Correctional Health Care Services "have the authority to change any decision previously deemed 'harmful' or 'deadly' to any patient's health."

## II. Does Plaintiff State a Claim under § 1983?

### A. Universal Declaration of Human Rights

Plaintiff claims that the allegations violated his rights under the Eighth Amendment of the Constitution and the Universal Declaration of Human Rights. (ECF No. 19 at 3, 7.) Plaintiff is advised that the Universal Declaration of Human Rights does not create a private right of action in federal courts. See Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 (2004) ("[A]lthough the covenant does bind the United States as a matter of international law, the United States ratified the Covenant on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts."). Accordingly, plaintiff cannot state a claim based on his allegation that defendant's actions violated his rights under the Universal Declaration of Human Rights.

### B. Eighth Amendment

#### 1. Legal Standards

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

The deliberate indifference standard involves an objective and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison

1  official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."
2  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment
3  for denying humane conditions of confinement only if he knows that inmates face a substantial
4  risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-
5  45.

6        Where a prisoner's Eighth Amendment claim arises in the context of medical care, the
7  prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate
8  indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical
9  claim has two elements: "the seriousness of the prisoner's medical need and the nature of the
10 defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),
11 overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en
12 banc).

13       A medical need is serious "if the failure to treat the prisoner's condition could result in
14 further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974
15 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include
16 "the presence of a medical condition that significantly affects an individual's daily activities."  Id.
17 at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the
18 objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.
19 825, 834 (1994).

20       If a prisoner establishes the existence of a serious medical need, he must then show that
21 prisoner officials responded to the serious medical need with deliberate indifference.  See Farmer,
22 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny,
23 delay, or intentionally interfere with medical treatment, or may be shown by the way in which
24 prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th
25 Cir. 1988).

26       Before it can be said that a prisoner's civil rights have been abridged with regard to
27 medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'
28 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

1    Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also
2    Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in
3    diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth
4    Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of
5    mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for
6    the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.
7         Finally, mere differences of opinion between a prisoner and prison medical staff or
8    between medical professionals as to the proper course of treatment for a medical condition do not
9    give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,
10   332 (9th Cir. 1996) overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083
11   (9th Cir. 2014) (en banc); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon,
12   662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Analysis

#### a. Deliberate Indifference

15   To the extent plaintiff's claim in this action is that prison officials were aware that
16   plaintiff needed surgery for his back and failed to necessary steps to ensure that he received
17   surgery, such allegations are sufficient to state a potentially cognizable deliberate indifference
18   claim.  Madrid v. Gomez, 889 F. Supp. 1146, 1247 (N.D. Cal. 1995) ("[D]eliberate indifference
19   occurs where the prison official "knows that inmates face a substantial risk of serious harm and
20   disregards that risk by failing to take reasonable measures to abate it.").  However, as set forth
21   below, the identified defendants either cannot be served or are immune from suit.

#### b. Proper Defendants

##### i.   MAR Committee Members

24   In order to state a cognizable claim, plaintiff must set forth specific factual allegations
25   demonstrating how each defendant violated his rights, Leer v. Murphy, 844 F.2d 628, 634 (9th
26   Cir. 1988) and must demonstrate that each defendant personally participated in the deprivation of
27   his rights, Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff cannot state a claim
28   based against members of the MAR committees because the allegations fail to show a connection

1  between the unnamed individuals and the alleged rights violations. Francis v. Gill, No. 1:12-cv-
2  00748 AWI SAB (PC), 2013 WL 663534, at *3 (E.D. Cal. Feb. 22, 2013).

3        Additionally, the court cannot order service on unidentified members of the MAR
4  committees at several different CDCR institutions. Antonio v. Kokor, No. 1:16-cv-00716 MJS
5  (PC), 2016 WL 4548853, at *7 (E.D. Cal. Sept. 1, 2016) (treating unnamed members of the MAR
6  committee as "Doe" defendants and noting the court cannot order service on Doe defendants).
7  The use of John Does in pleading practice is generally disfavored – but it is not prohibited. See
8  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160,
9  1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). Plaintiff may
10 under certain circumstances be given the opportunity to identify unknown defendants through
11 discovery. Gillespie, 629 F.2d at 642. However, the court will not permit plaintiff to conduct
12 discovery until plaintiff first states a potentially cognizable claim.

13       **ii.   California Correctional Health Care Services**

14       The Eleventh Amendment bars any suit against a state or state agency absent a valid
15 waiver or abrogation of its sovereign immunity. Seminole Tribe of Florida v. Florida, 517 U.S.
16 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890). Both the Ninth Circuit and the Supreme
17 Court have recognized that the "State of California has not waived its Eleventh Amendment
18 immunity with respect to claims brought under § 1983 in federal court." Dittman v. California,
19 191 F.3d 1020, 1025-26 (9th Cir. 1999); see also Atascadero State Hosp. v. Scanlon, 473 U.S.
20 234, 241 (1985), superseded on other grounds by statute, Rehabilitation Act Amendments of
21 1986, 42 U.S.C. § 2000d-7 (observing that the California Constitution does not waive the state's
22 Eleventh Amendment immunity).

23       State agencies are also immune from suit. See Will v. Michigan Dept. of State Police, 491
24 U.S. 58, 66 (1989); Lucas v. Dept. of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)
25 (holding inmate's Eighth Amendment claims against CDCR was barred by Eleventh Amendment
26 immunity). California Correctional Health Care Services is a state agency, and thus, is immune
27 from suit. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also
28 Loguidice v. California Correctional Health Care Services, 2018 WL Diaz v. CDCR, No. 2:17-

cv-0235 KJN P, 2017 WL 1079947, at *2 (E.D. Cal. Mar. 21, 2017) (finding California Correctional Health Care Services is a state agency immune from suit).  Because California Correctional Health Care Services is immune from suit, it is not a proper defendant.

## AMENDING THE COMPLAINT

As set forth above, the identified defendants are immune from suit or cannot be served. Accordingly, the undersigned has determined that the complaint should be dismissed with leave to amend.  However, plaintiff will have one more opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 19) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Sixth Amended Complaint."
3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  August 31, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/davi1658.scrn2

10